UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JANNX MEDICAL SYSTEMS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:08-CV-286-PRC |
| | ) | |
| THE METHODIST HOSPITALS, INC., | ) | |
| Defendant/Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PROPOCO INC. d/b/a PROFESSIONAL | ) | |
| SERVICES, and CROTHALL | ) | |
| HEALTHCARE, INC., | ) | |
| Third-Party Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion of Methodist Hospitals, Inc. and Crothall Healthcare, Inc. for Expedited Order to Compel Discovery by Jannx Medical Systems [DE 66], filed by Defendant/Third-Party Plaintiff The Methodist Hospitals, Inc., and Third-Party Defendants Propoco, Inc., ("Defendants") on October 4, 2010, and a Motion for Protective Order [DE 70], filed by Plaintiff Jannx Medical Systems, Inc., on October 21, 2010. Both Motions have been fully briefed.

**A. The Parties' Compliance with Rule 37 and Local Rule 37.1**

Upon initial review of the instant Motion, the Court finds that neither Defendants nor Plaintiff included in their Motions a certification as required by Rule 37(a) of the Federal Rules of Civil Procedure and Local Rule 37.1. Pursuant to Local Rule 37.1, a motion to compel or motion for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party in an effort to resolve the matter without court action. The certification shall also state the date, time, and place of the conference or attempted conference

and the names of all persons participating therein." N.D. Ind. L.R. 37.1(b). Furthermore, Local Rule 37.1(c) requires that the certification "be made in a separate document filed contemporaneously with the motion" and advises the parties that a court may deny any motion under Local Rule 37.1 "if the required certification is not filed." N.D. Ind. L.R. 37.1(c).

However, Defendants attached copies of two September 28, 2010 letters, one from counsel for Crothall and one from Counsel for Methodist, as part of an exhibit to their Motion to compel. The letters and other correspondence in the exhibit indicate that the Defendants made several attempts to obtain the request documents and resolve discovery concerns without court intervention. The letters further provide that if the parties were unable to successfully address the Defendants' discovery concerns in a telephone conference set for September 29, 2010, Defendants would seek the court's intervention. The Court finds that the September 28, 2010 letters effectively comply with the purpose of Rule 37(a) and Local Rule 37.1 – to resolve the discovery dispute without the Court's intervention. As a result, the Court will not deny Defendants' Motion to Compel for the sole reason that they failed to file a separate Rule 37 certification.

In further support of this decision, Plaintiff failed to raise the certification issue in its response and failed to file a separate Rule 37 certification in its Motion for Protective Order. Although Plaintiff failed to include any exhibits or correspondence related to its attempt to resolve the need for a protective order without the Court's intervention, the correspondence attached to Defendants' Motion to Compel demonstrates that the parties did make this attempt. The Court finds that the parties have somewhat complied with the spirit of Rule 37 and Local Rule 37.1 and their Motions will not be denied for the sole reason that they failed to file a separate Rule 37 certification.

### B. Defendants' Motion to Compel

In the instant Motion to Compel, Defendants ask the Court to order Plaintiff to provide complete responses to each of Defendants' First Set of Interrogatories and to produce documents responsive to each of Defendants' First Requests for Production of Documents in reasonable electronic form.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Nevertheless, the Federal Rules require a court to

> limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Rule 37(a) allows a party to move for an order compelling discovery, including an order compelling an answer or inspection. *See* Fed. R. Civ. P. 37(a)(3)(B). The Court has broad discretion when deciding whether to compel discovery. *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (addressing discovery in an employment discrimination case). The Court addresses each of Defendants' discovery requests in turn.

**(1) Interrogatory Responses**

Pursuant to Federal Rule of Civil Procedure 33, a party may serve interrogatories on any

other party relating to any matter that "may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a). Each of these interrogatories "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3).

Defendants assert that Plaintiff's responses to a number of interrogatories were boilerplate answers that failed to identify specific documents or state whether any responsive documents were produced. For example, Crothall's Interrogatory 12 requests information about Plaintiff's theory of damages, in particular: "a. The terms of the specific contract or agreement that entitles Jannx to compensation for these costs; b. All Documents or Communications related to or showing the calculation of the alleged costs; and c. Any Communication by and between Jannx, Methodist, and Propoco, or internal to Jannx relating to the alleged costs." Defs. Br. Ex. 3 Response No. 12. Plaintiff responded with a general objection and a direction to "see those responsive, non-privileged and non-confidential business documents produced herewith." *Id*. No specific documents were identified and there was no statement regarding whether any responsive documents had been produced. The same boilerplate responses, failing to identify any specific documents or state whether responsive documents are being produced, apply to Crothall's Interrogatories 5, 6, 8, 12, 13, and 14 and Methodist's Interrogatories 7, 11, and 12.

In relevant part, Rule 33(d) provides that

If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . *and if the burden of deriving or ascertaining the answer will be substantially the same for either party*, the responding party may answer by:
(1) *specifying the records that must be reviewed*, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
(2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d)(emphasis added). To utilize this Rule, the information that the Defendants are

requesting must actually be obtainable from the documents. *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 325 (N.D. Ill. 2005). Further, the burden of ascertaining the information must be substantially equivalent and there must be sufficiently detailed specification of the records to permit the interrogating party to find the document containing the requested information. "These are not optional requirements." *Id.* Referring to documents in general, without specifying particular documents, is "an abuse of the option." *Id.* at 326.

Therefore, the Court grants Defendants' Motion to Compel to the extent that Defendants request that Plaintiff fully respond to Crothall's Interrogatories 5, 6, 8, 12, 13, and 14 and Methodist's Interrogatories 7, 11, and 12 in accordance with Rule 33, including both documents and sworn responses as applicable.

### (2) Production of Documents in Reasonable Electronic Form

Pursuant to Federal Rule of Civil Procedure 34 relating to electronically stored information,

> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E).

Defendants assert that Plaintiff failed to produce electronically stored information in accordance with Rule 34. First, Defendants argue that Plaintiff has failed to produce a number of responsive documents in any form. For example, Plaintiff has not produced a number of reports available through its database system nor copies of any contracts with third-party service providers who performed work for Methodist. To the extent that there are responsive documents that have not

already been objected to and have not been produced, Plaintiff is ordered to produce these documents.

In addition to failing to produce a number of the responsive documents in any form, Defendants argue that electronically-stored information Plaintiff has produced does not comply with Rule 34 in that it has not been produced "in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." Fed. R. Civ. P. 34(b)(2)(E)(ii). Plaintiff has produced some documents in .pdf format. However, Defendants contend that the information contained in these documents is normally maintained in a fully searchable and manipulable electronic format, and that providing them only in .pdf form destroys Defendants' ability to effectively search or analyze the information. Defendants are unable to determine which of the produced documents are associated with particular maintenance transactions, how the produced reports were generated, or even what data the reports rely upon.

Plaintiff argues that producing documents in .pdf format was in compliance with Rule 34 because Defendants did not specify the exact form in which the documents were to be produced. Plaintiff cites two cases in support of its contention. The first, *Pace v. International Mill Service, Inc.*, analyzed the request for electronic documents under an earlier version of Rule 34, before the 2006 amendment, which specifically addressed the meaning and means of production of electronically stored information. 2007 WL 1385385, *1 n.1 (N.D. Ind. May 7, 2007); Fed. R. Civ. P. 34 Advisory Committee's Note on 2006 Amendments. Next, Plaintiff cites to *The Scotts Company LLC v. Liberty Mutual Insurance Company*, emphasizing the court's statement that it is an incorrect statement of the law to say that "a party's discovery obligations are not satisfied by the production of computerized information in a hard copy format" such as .pdf. 2007 WL 1723509, *4 (S.D.Ohio June 12, 2007). Although the Court agrees that there are circumstances in which .pdf

format may satisfy discovery obligations, Plaintiff ignored the rest of the Southern District of Ohio's decision discussing the Advisory Committee Note on the 2006 Amendments, which address circumstances when a party's selected form of production does not comply with the requirement to be "reasonably usable." *Id.* The court cites the Note, reminding the parties that "[i]f the responding party ordinarily maintains the information it is producing in a way that makes it searchable by electronic means, the information should not be produced in a form that removes or significantly degrades this feature." *Id.* (quoting Fed. R. Civ. P. 34 Advisory Committee's Note on 2006 Amendments). This Court notes its disapproval of Plaintiff's mischaracterization of case law.

Plaintiff does not argue that production of electronic database data in .pdf form maintains for Defendants the ability to search the information electronically. Instead, it argues that because Defendants did not specify a particular electronic format for production in their initial requests, they are now stuck with the form in which Plaintiff chose to produce the information. The Advisory Committee cautioned that

> the option to produce in a reasonably usable form does not mean that a responding party is free to convert electronically stored information from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome for the requesting party to use the information efficiently in the litigation.

Fed. R. Civ. P. 34 Advisory Committee's Note on the 2006 Amendments. It appears that this is exactly what Plaintiff has done in this case. Therefore, the Court grants Defendants' Motion to Compel to the extent that Defendants request that Plaintiff produce responsive information in an electronic database format that allows the information to be reasonably usable, i.e., fully searchable and manipulable, with the connections between data fields intact.

### C. Motion for Protective Order

Plaintiff requests a protective order prohibiting the dissemination of its data dictionary,

database schema, or other electronic representation of its database. It claims that Defendants have requested these items, although not through a formal discovery request, and that the information contained therein is irrelevant to the contract dispute and would not lead to the discovery of admissible evidence. Plaintiff claims that the Protective Order previously entered by the Court [DE 62] is insufficient to protect its trade secrets contained within the data dictionary and database schema.

> Federal Rule of Civil Procedure 26(c)(1) provides that:
>
> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, *for good cause*, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> (A) forbidding the disclosure or discovery . . . .

Fed. R. Civ. P. 26(c)(1) (emphasis added). A district court has discretion in deciding when a protective order is appropriate and what degree of protection is required. *Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003). The party seeking the protective order has the burden of showing that good cause exists for it. *Id.* This burden is "especially high" when the court is considering the modification of an existing protective order. *Braun Corp. v. Vantage Mobility Intern., LLC,* 265 F.R.D. 330, 332 (N.D. Ind. 2009)(quoting *SmartSignal Corp. v. Expert Microsystems, Inc.*, No. 02 C 7682, 2006 WL 1343647, at *2 (N.D.Ill. May 12, 2006)).

Plaintiff claims that Defendants seek trade secrets and other confidential research, development or confidential business information contained within its data dictionary and database schema. However, Defendants repeatedly deny ever having requested the data dictionary or database schema for Plaintiff's database. Instead, they seek data underlying Plaintiff's damages

claim, data which happens to be electronically stored in a database. Defendants assert that any mention of data dictionary or database schema was an informal suggestion as information that might be useful for Defendants and their hired expert to aid Plaintiff in fulfilling its discovery obligations, but was not a formal discovery request or an intent to uncover trade secrets or other information irrelevant to the litigation. Exhibits to the instant Motions support this contention.

It is Plaintiff's burden to show good cause for a protective order and the Court finds that Plaintiff has failed to meet that burden, particularly when there is already a protective order in place. Accordingly, the Court denies Plaintiff's request for an additional protective order.

### D. Fees and Costs

Defendants request that the Court award their fees incurred in responding to Plaintiff's Motion for Protective Order. Federal Rule of Civil Procedure 37 provides that the party successfully opposing a discovery motion can recover "its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). In the Seventh Circuit, the rule "presumptively requires every loser to make good the victor's costs." *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994). "In determining a reasonable apportionment of fees, the court will look to the relative degree of success of the party seeking fees." *McGrath v. Everest National Ins. Co.*, 2:07 cv 34, 2008 WL 4261075, at *1 (N.D. Ind. Sept. 11, 2008). "However, the degree of success in the motion to compel is not the sole determinant when proportioning fees. The court also will look to the degree to which the objecting party was justified in refusing greater cooperation." *Id.* "District courts possess wide latitude in fashioning appropriate sanctions and evaluating the reasonableness of attorney's fees requested." *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

In this case, Plaintiff continued to press for a protective order even after Defendants made it clear that they were not seeking the items Plaintiff was concerned with protecting, and Plaintiff's failure to adequately respond to Defendants interrogatories necessitated their filing of a Motion to Compel. The Court orders that pursuant to Rule 37(a)(5), Plaintiff shall pay the reasonable expenses, including attorney's fees, of Defendants incurred in (1) the October 4, 2010 Motion to Compel, (2) the October 27, 2010 Reply in Support of the Motion to Compel, (3) the October 27, 2010 Response in Opposition to the Motion for Protective Order, (4) the November 10, 2010 Motion for Leave to File Surreply and (5) the November 15, 2010 Surreply in Further Opposition to the Motion for Protective Order.

### E. Discovery Schedule

The current discovery deadline is November 19, 2010. Defendants request that the Court schedule a hearing on the issues raised in their Motion to Compel and to evaluate the existing discovery schedule given the ongoing discovery disputes reflected in the instant Motions. Although the request for a hearing on the Motion to Compel is made moot by this Opinion and Order, the Court will grant the request for a telephonic status conference on the matter of discovery deadlines only and will vacate the current discovery deadline pending that hearing.

## CONCLUSION

Accordingly, the Court **GRANTS** the Joint Motion of Methodist Hospitals, Inc. and Crothall Healthcare, Inc. for Expedited Order to Compel Discovery by Jannx Medical Systems [DE 66] and

**ORDERS** Plaintiff to fully respond to the Defendants' interrogatories and to produce responsive information in an electronic database format that allows the information to be reasonably usable, i.e., fully searchable and manipulable, with the connections between data fields intact.

The Court **DENIES** Plaintiff's Motion for Protective Order [DE 70].

The Court **VACATES** the current discovery deadline of November 19, 2010 and **SETS** the matter for a telephonic conference on the matter of discovery deadlines for **November 30, 2010, at 11:00 a.m.** (C.S.T), with the Court initiating the conference.

The Court **GRANTS** Defendants' request for attorney's fees and costs incurred in the instant Motions, and **ORDERS** Defendants to file an affidavit detailing their itemization of costs and fees related to the instant Motions.

SO ORDERED this 17th day of November, 2010.

        s/ Paul R. Cherry
        MAGISTRATE JUDGE PAUL R. CHERRY
        UNITED STATES DISTRICT COURT

cc:    All counsel of record