**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JANNX MEDICAL SYSTEMS, INC., )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>THE METHODIST HOSPITALS, INC., )<br>    Defendant/Third-Party Plaintiff, )<br> )<br>v. )<br> )<br>PROPOCO INC. d/b/a PROFESSIONAL )<br>SERVICES, and CROTHALL )<br>HEALTHCARE, INC., )<br>    Third-Party Defendants. )<br>                                     )<br> )<br>THE METHODIST HOSPITALS, INC., )<br>    Counter-Plaintiff, )<br> )<br>v. )<br> )<br>JANNX MEDICAL SYSTEMS, INC., )<br>    Counter-Defendant. )<br> ) | CAUSE NO.: 2:08-CV-286-PRC |

## OPINION AND ORDER

This matter is before the Court on The Methodist Hospitals, Inc.'s Motion for Leave to Amend its Answer and Add a Counterclaim [DE 83], filed by Defendant/Third Party Plaintiff The Methodist Hospitals, Inc. ("Methodist"), on February 16, 2011, and Jannx Medical System's [sic] Motion for Leave to File Surreply in Opposition to the Methodist Hospitals, Inc.'s Motion for Leave to Amend its Answer and File a Counterclaim Filed February 16, 2011 [DE 88], filed by Plaintiff Jannx Medical Systems, Inc. ("Jannx"), on March 14, 2011. Both Motions will be granted.

**PROCEDURAL AND FACTUAL BACKGROUND**

On September 30, 2008, Plaintiff Jannx filed its Complaint in this Court, claiming damages related to Defendant Methodist's alleged breach of obligations in an Asset Management Agreement. The agreement was entered on or about July 29, 2003, with an effective date of September 1, 2003. On March 2, 2009, Defendant filed its Answer with affirmative defenses. On March 4, 2009, Methodist filed its Third Party Complaint against Propoco, Inc., d/b/a Professional Services and Crothall Healthcare, Inc., alleging that they are liable for any portion of damages related to breach of the agreement that arose on or after July 2, 2007, when they entered into a Combined Services Management Agreement with Methodist.

On October 4, 2010, Defendant and Third-Party Defendants filed a Joint Motion for Expedited Order to Compel Discovery by Jannx, which was granted by the Court on November 17, 2010, along with an award of attorneys fees and costs. Following this Motion to Compel, Plaintiff Jannx served requested discovery, including the requested documents in a searchable electronic database format, and provided Defendant and Third-Party Defendants an explanation of how to access the data on January 11, 2011, followed the next day by almost 3000 pages of hard-copy documents.

On February 16, 2011, Methodist filed its Motion to Amend Answer and Add a Counterclaim and brief in support, seeking to add allegations that Jannx breached the agreement between the parties by failing to provide the agreed rebate to Methodist. Jannx filed a response on March 2, 2011, and Methodist filed a reply on March 9, 2011. On March 14, 2011, Jannx filed a Motion for Leave to File a Sur-Reply and attached sur-reply, which has been considered by the Court.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with . . . the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that the court "should freely give leave when justice so requires." *Id.* Thus, if the underlying facts or circumstances relied upon by a party are a potentially proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

These Rule 15 requirements must also be read in conjunction with the requirements of Federal Rule of Civil Procedure 16, because in order "[t]o amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show 'good cause.'" *Trustmark Ins. Co. v. General & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. Ill. 2005) (citing Fed. R. Civ. P. 16(b)). The "good cause" standard for Rule 16 "primarily considers the diligence of the party seeking the amendment" and requires a party to "show that despite their diligence the time table could not have reasonably been met." *Id.*; *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995) (citations omitted).

**ANALYSIS**

In the preliminary pretrial conference held on April 23, 2009, the Court approved the parties' Amended Party Planning Report [DE 31] and stated, "Any amendments to the pleadings to be filed by ... 5/29/2009 by defense." [DE 32]. The original deadline for discovery was December 7, 2009. However, there were numerous difficulties with discovery in this case, mandating a Motion to Compel, and Plaintiff Jannx has filed for or joined in numerous extensions of time to complete discovery. Discovery is still ongoing, with the current deadline set for June 1, 2011. Methodist argues that, although the deadline to amend pleadings has not explicitly been extended, the Court has amended other discovery and scheduling deadlines numerous times, mostly at Jannx's request and presumably under Rule 15(a), so the same Rule 15 standard should apply to the instant Motion. Jannx argues that because the amendment deadline has passed, the Rule 16 standard applies. Under either standard, however, Defendant Methodist is entitled to amend its answer.

The Court finds it disingenuous for Jannx to argue that Methodist had all necessary discovery to make this counterclaim when Jannx did not provide a significant portion of the requested information until January 2011, and even then only because ordered to do so by the Court. Methodist's motion comes only a few weeks after receipt of the data that led to its discovery of the information underlying the proposed counterclaim. The Court finds that Defendant Methodist has been diligent in seeking discovery from Jannx and in filing its Motion to Amend so soon after receiving the pertinent information. Methodist could not have met the original timetable for filing a Motion to Amend since it had not yet received adequate discovery

4

from Jannx.  Defendant Methodist has shown good cause for the timing of its Motion and therefore meets the requirements of Rule 16.

Methodist's Motion also meets the standard of Rule 15.  As described above, it has acted in good faith.  There is no allegation of dilatory motive on its behalf, and it has not requested previous amendments.  Jannx has not set forth any argument that the amendment will be futile, merely arguing that Methodist should have brought the counterclaim earlier.  The Seventh Circuit has identified two events after which a Motion to Amend is unduly delayed and prejudicial: the close of discovery and the filing of a motion for summary judgment.  *Sanders v. Venture Stores*, 56 F.3d 771, 774 (7th Cir. Ill. 1995) (listing cases).  There are still many months remaining for discovery and there have been no dispositive motions filed in this case.  As described above, much if not all of the discovery delay in this case has been caused by Jannx, and Methodist filed the instant Motion less than two months after receiving from Jannx the information that forms the basis of its proposed counterclaim.  Therefore, the Court concludes that there are no grounds for finding that Defendant's Motion comes after undue delay or that it will prejudice Plaintiff.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** The Methodist Hospitals, Inc.'s Motion for Leave to Amend its Answer and Add a Counterclaim [DE 83], and **ORDERS** the Defendant to **FILE** its Amended Answer and Counterclaim, currently docketed as an exhibit to the instant Motion, by **April 8, 2011**.

Upon consideration of the Motion and attached Sur-reply, the Court **GRANTS** Jannx

Medical System's [sic] Motion for Leave to File Surreply in Opposition to the Methodist Hospitals, Inc.'s Motion for Leave to Amend its Answer and File a Counterclaim Filed February 16, 2011 [DE 88] and **ORDERS** Plaintiff to file its sur-reply, currently docketed as an attachment to the instant Motion, by **April 8, 2011**.

SO ORDERED this 30th day of March, 2011.

                                                s/ Paul R. Cherry
                                                MAGISTRATE JUDGE PAUL R. CHERRY
                                                UNITED STATES DISTRICT COURT

cc:    All counsel of record